```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CECILIO CORDOVA et al.,

                Plaintiffs,

        -v-                                              No. 13CV05665-LTS-HBP

SCCF, INC. et al.,

                Defendants.
-------------------------------------------------------x
```

MEMORANDUM OPINION AND ORDER

In this putative collective action, Plaintiffs Cecilio Cordova ("Cordova"), Ronald Hoayek-Gonzalez ("Hoayek-Gonzalez"), Macario Cortes ("Cortes"), and Martin Martinez-Verea ("Martinez-Verea" and collectively, "Plaintiffs") assert claims on behalf of themselves and other similarly situated individuals against Defendants SCCF, Inc. ("Corporate Sophie's Defendant"); 45th St. Cuban, LLC d/b/a Sophie's Cuban Cuisine ("45th Street"), Chamberlain Restaurant Inc. d/b/a Sophie's Cuban Cuisine ("Fulton Street"), 27 Smith St. Cuban LLC d/b/a Sophie's Cuban Cuisine ("Smith Street") (collectively, the "Franchise Corporate Defendants"); Mahabir Enterprises LLC d/b/a Sophie's Cuisine ("Mahabir"); Luna Enterprises Inc. d/b/a Sophie's Cuban Cuisine ("Sophie's Luna"), Sophie's Restaurant #3 LLC d/b/a Sophie's Cuban Cuisine ("Sophie's Restaurant #3") (collectively, the "Non-Franchise Defendants"); Patricia Luna, Sofia Luna, Thomas Chamberlain ("Chamberlain"), and Alvin Lopez ("Lopez" and collectively, "Defendants") for, inter alia, failure to pay full minimum wage and overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Labor Law §§ 190 et seq., and §§ 650 et seq. ("NYLL"). The Court has jurisdiction of this case under 28 U.S.C. §§ 1331 and 1367.

In the instant motion, Plaintiffs ask the Court to designate them as representatives of the collective and authorize notice to potential opt-in plaintiffs of the pendency of the action and of their opportunity to opt-in pursuant to 29 U.S.C. § 216(b).  Only Defendant restaurants 45th Street, Fulton Street and Smith Street and individual Defendants Chamberlain and Lopez specifically oppose this motion.  Defendants Mahabir, Luna Enterprises and Sophie's Restaurant #3 LLC have stipulated to allowing notice to be sent to potential opt-in plaintiffs at Mahabir's restaurant ("23rd Street")[1], and the Non-Franchise Defendants and individual Defendant Sofia Luna have a pending motion to dismiss and have reserved the right to oppose this motion.  The Court has thoroughly reviewed the submissions of the parties and, for the following reasons, Plaintiffs' motion is granted.

BACKGROUND

The following is a summary of the relevant facts alleged in Plaintiffs' Second Amended Complaint ("SAC").  Defendants prepare and sell Cuban cuisine for delivery and for consumption in the restaurants.  (SAC ¶ 2.)  Plaintiffs are current and former food delivery employees of Defendants.  (Id. ¶¶ 6, 68, 73, 79, 85.)  Plaintiffs allege that Defendants "have maintained an unlawful practice" of not paying Plaintiffs and similarly situated employees the proper minimum wage and overtime compensation, not keeping proper records, not paying Plaintiffs and similarly situated employees for certain hours of work, and misappropriating Plaintiffs' and similarly situated employees' tips.  (Id. ¶ 7.)

Plaintiffs allege that Defendants Chamberlain and Lopez own, operate, and

---

[1] Because Plaintiff Martinez-Verea attests to only having worked at the 23rd Street Restaurant, his affidavit is not relevant to the instant Order.

supervise Defendant 45th Street, located in New York, New York; Fulton Street, located in New York, New York; and Smith Street, located in Brooklyn, New York.  (Id. ¶¶ 22, 26.)  Chamberlain and Lopez are also the managing agents for, and directors, shareholders, and proprietors of the Defendant restaurants.  (Id.)  Plaintiffs further allege that Chamberlain and Lopez exercise operational and functional control over the Defendant restaurants by promulgating employment and compensation policies, determining whether to hire and fire employees, determining rates and methods of pay for all employees, determining the work schedules of employees, and supervising and controlling the work of employees. (Id. ¶¶ 46-48.)  According to Plaintiffs, Chamberlain and Lopez are present on the premises of each location on a daily basis and directly interact with the employees at each location by paying the employees; training and supervising them; moving the employees around "in a fungible and interchangeable manner;" hiring and training the managers; and mandating that all employment issues – including hours worked and pay received – be authorized by them.  (Id. ¶¶ 49, 90, 92-93.)

In or about June 2011, Defendants Chamberlain and Lopez hired Plaintiff Cordova to work at Defendant 45th Street as a non-exempt delivery person, stock person, and cleaner.  (Id. ¶ 68; Cordova Aff. ¶ 4.)  Cordova alleges that he worked about twenty hours per week and was paid $5 per hour.  (SAC ¶¶ 70-71; Cordova ¶¶ Aff. 6-7.)  According to Plaintiffs, Cordova was paid for only fifteen hours of work per week, meaning he was paid a total of $75 per week.  (SAC ¶ 71; Cordova Aff. ¶ 7.)  Cordova alleges that he was not paid the proper minimum wage.  (SAC ¶ 71; Cordova Aff. ¶ 8.)  Cordova was fired by Chamberlain and Lopez on or about August 23, 2013.  (SAC ¶ 69; Cordova Aff. ¶ 4.)

In or about November 2010, Defendants Chamberlain and Lopez hired Plaintiff Hoayek-Gonzalez to work at Defendant 45th Street as a non-exempt delivery person, stock

person, and cleaner.  (SAC ¶ 79; Hoayek-Gonzalez Aff. ¶¶ 4-5.)  Hoayek-Gonzalez alleges that he worked about fifty hours per week.  (SAC ¶ 81; Hoayek-Gonzalez Aff. ¶ 6).  From November 2010 through April 2011, Hoayek-Gonzalez was paid $4.65 per hour, and from May 2011[2] through November 2011, he was paid $5 per hour for the first forty hours worked and $7.50 for five hours of overtime each week.[3]  (SAC ¶¶ 81-83; Hoayek-Gonzalez Aff. ¶¶ 7-8.)  Hoayek-Gonzalez alleges that he was not paid the proper minimum wage and overtime compensation.  (SAC ¶ 82; Hoayek-Gonzalez Aff. ¶ 10.)  Hoayek-Gonzalez quit his employment on or about November 5, 2011.  (SAC ¶ 80; Hoayek-Gonzalez Aff. ¶ 4.)

In or about November 2012, Defendants Chamberlain and Lopez hired Plaintiff Cortes to work at Defendant 45th Street as a non-exempt delivery person, stock person and cleaner.  (SAC ¶ 73.)  Cortes alleges that he worked fifty-five hours per week and was paid $5 per hour for forty hours of work, thereby earning $200 per week.  (Id. ¶ 77.)  Cortes also alleges that he was not paid the proper minimum wage or overtime compensation.  (Id. ¶ 77.)  Chamberlain and Lopez terminated Cortes's employment on or about June 29, 2013.  (Id. ¶ 75.)

In their affidavits, Plaintiffs Cordova and Hoayek-Gonzalez each assert that they

---

[2] In his affidavit, Plaintiff Hoayek-Gonzalez says, "[i]n or about May 2012 and continuing for the remainder of my employment on or about November 5, 2011, I was paid $5 per hour for the first forty (40) hours, and $7.50 for five (5) overtime hours each week."  It is clear from his affidavit and the complaint that the May 2012 date is likely a typo; it should be May 2011.  But see infra note 2.

[3] There are a few minor factual discrepancies between Plaintiff Hoayek-Gonzalez's affidavit and Plaintiffs' Second Amended Complaint.  However, given that "[a]t this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations," such discrepancies are not barriers to the certification sought.  Colon v. Major Perry St. Corp., 12 Civ. 3788 JPO, 2013 WL 3328223, at *5 (S.D.N.Y. July 2, 2013) (quoting Lynch v. United Services Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)).

have spoken with other employees of Chamberlain and Lopez about alleged FLSA violations. (Cordova Aff. ¶¶ 11-12; Hoayek-Gonzalez Aff. ¶¶ 12-14.) More specifically, Cordova asserts that he has spoken with other employees "who have worked at the defendants' restaurants, and they similarly have not been paid minimum wages or overtime compensation." (Cordova Aff. ¶ 11.) Cordova further asserts that he has spoken with two of his former co-workers, for whom he provides first names and job functions, and that they "were also not paid proper minimum wages or overtime compensation for hours worked in excess of forty." (Cordova Aff. ¶ 12.) Similarly, Plaintiff Hoayek-Gonzalez asserts that he has spoken with other employees from all three of the locations owned and operated by Chamberlain and Lopez, and they were not paid the proper minimum wage or overtime compensation. (Hoayek-Gonzalez Aff. ¶¶ 12-14.) Hoayek-Gonzalez provides the first name of two such employees who did the same or similar work as him and who worked at the 45th Street location, and he provides the full name and job description of one of the employees at the Fulton Street location with whom he also spoke. (Id.)

## DISCUSSION

Conditional Certification

Plaintiffs seek conditional certification of a collective action pursuant to section 16 of the FLSA, which authorizes private parties to bring minimum wage and overtime claims "[o]n behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). Although the FLSA does not provide for a certification process, district courts have discretion in implementing section 16 to help facilitate notice to potential plaintiffs "of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (quoting Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 169

(1989)); see also Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) ("it is 'well settled' that district courts have the power to authorize an FLSA plaintiff to send such notice").  Courts in this Circuit follow a two stage certification process for collective actions under the FLSA.  See Myers, 624 F.3d at 554-55.  In the first stage, courts make an initial determination as to whether there may potentially be similarly situated employees.  See id.; Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997).  At the second stage, after discovery, the Court looks to the full record and determines whether the opt-in plaintiffs are truly similarly situated to the named plaintiffs, and, if they are not, the action may be "de-certified" and the opt-in plaintiffs' claims will be dismissed without prejudice.  See Myers, 624 F.3d at 555.

    Plaintiffs' motion falls within the first stage of the certification process. The Defendants argue that Plaintiffs rely on conclusory and unsupported allegations and have not satisfied their burden on conditional certification.  At this stage, the burden is on Plaintiffs to show that they and the potential opt-in plaintiffs are similarly situated.  See, e.g., Kim Man Fan v. Ping's On Mott, Inc., No. 13 Civ. 4939(AT), 2014 WL 1512034, at *1 (S.D.N.Y. Apr. 14, 2014); Morales v. Plantworks, Inc., 05 Civ. 2394(DC), 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006).  This burden, however, is minimal and can be satisfied with a "modest factual showing" that the plaintiff and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law."  Sbarro, 982 F. Supp. at 261.  In showing that they were victims of a common plan that violated the law, "Courts do not require a named plaintiff to show an actual FLSA violation, but rather that a factual nexus exists between the plaintiff's situation and the situation of other potential plaintiffs."  Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 386 (E.D.N.Y. 2010) (quoting Gayle v. Harry's Nurses Registry, Inc., No. 07 Civ.

4672(CPS)(MDG), 2009 WL 605790, at *10 (E.D.N.Y. Mar. 9, 2009)).  Furthermore, "[a]t this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."  Lynch v. United Services Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (citation omitted).

Certification of Plaintiffs Hoayek-Gonzalez, Cortes and Cordova

The Court uses Plaintiffs' pleadings and affidavits to determine whether they have shown that they and other potential plaintiffs who were similarly situated were victims of a common policy or plan that violated the law.  See Hallissey v. Am. Online, Inc., 99 Civ. 3785(KTD), 2008 WL 465112, at *1 (S.D.N.Y. 2005) (holding that plaintiffs can show that they and other potential plaintiffs "were victims of a common policy or plan that violated the law . . . by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members").  "It is beyond dispute that courts regularly determine that two or three declarations corroborating each other constitute a sufficient amount of evidence to conditionally certify a collective action under the FLSA."  See Diaz v. S & H Bondi's Dep't Store, 10 Civ. 7676(PGG), 2012 WL 137460, at *4 (S.D.N.Y. Jan. 18, 2012) ("Courts regularly authorize notice to potential opt-in plaintiffs based on employee affidavits setting forth an employer's failure to pay required minimum wage or overtime compensation"); see also Cohen v. Gerson Lehrman Grp., Inc., 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010) (granting conditional certification based on two affidavits submitted by plaintiff); Sipas v. Sammy's Fishbox, Inc., No. 05 Civ. 10319, 2006 WL 1084556, at *2 (S.D.N.Y. Apr. 24, 2006) (granting conditional certification based on three affidavits).  Furthermore, if the Court finds that the plaintiffs are similarly situated, it may conditionally certify the collective and authorize notice to be sent to the

putative class members.  Trinidad v. Breakaway Courier Sys., Inc., 2007 WL 103073, at *3 (S.D.N.Y. Jan. 12, 2007).

        Here, the Defendants argue that Plaintiffs have failed to provide specific allegations showing that they and other employees are similarly situated with regard to Defendants' alleged illegal pay practices.  Plaintiff Cordova asserts, however, that he was not paid the proper minimum wage, alleging with specificity the number of hours he worked and the amount he was paid.  (Cordova Aff. ¶ 7)  Similarly, Plaintiffs Hoayek-Gonzalez and Cortes each provide the number of hours they worked and the amount they were paid and allege that they were not paid the proper minimum wage or overtime.  (Hoayek-Gonzalez Aff. ¶¶ 7-8; SAC ¶ 77.)  Cordova and Hoayek-Gonzalez also state that they have spoken with other employees at the three restaurant locations who corroborate Plaintiffs' allegations that the Defendants had a policy of not paying their workers the proper minimum wage and overtime.  (Cordova Aff. ¶¶ 10-12; Hoayek-Gonzalez Aff. ¶¶ 11-14.)  More specifically, Cordova and Hoayek-Gonzalez contend that the employees with whom they have spoken performed "the same or similar" work as them, and Hoayek-Gonzalez says that one employee with whom he spoke – and for whom he provides a full name and number of hours worked – is a delivery person at Fulton Street.  (Corodva Aff. ¶¶ 10-12; Hoayek-Gonzalez Aff. ¶¶ 11-14.)  Furthermore, both Cordova and Hoayek-Gonzalez give the first names and number of hours worked for two different delivery employees with whom they have spoken and who they allege were not paid the proper minimum wage or overtime compensation.  (Cordova Aff. ¶ 12; Hoayek-Gonzalez Aff. ¶ 13.)  The Court finds that Plaintiffs Cordova, Hoayek-Gonzalez, and Cortes have met their burden of demonstrating that they and potential opt-in plaintiffs are similarly situated with respect to the Defendants' alleged illegal compensation practices.

### Whether the Collective Should be Certified as to all Three Locations

Plaintiffs also bear the burden of showing a company-wide policy pursuant to which delivery persons were not paid the proper minimum wage and overtime compensation. See Diaz, 2012 WL 137460, at *3, 6.  Plaintiffs have alleged that Defendants Chamberlain and Lopez are the owners, shareholders, directors, and managing agents of Defendants 45th Street, Fulton Street, and Smith Street.  (SAC ¶¶ 22, 26.)  Plaintiffs further allege that Chamberlain and Lopez exert operational and functional control over the named Defendant restaurants by actively participating in the day-to-day operations of all three locations, promulgating employment and compensation policies for all three locations, interacting on a daily basis with employees at all three locations, and, more generally, being present at all three locations on a daily basis.  (Id. ¶¶ 46-49, 90, 92-93.)  In his affidavit, Plaintiff Hoayek-Gonzalez avers that he has spoken with a delivery person employee at the Fulton Street location, and that he too was subject to pay practices that deprived him of the proper minimum wage and overtime compensation.  (Hoayek-Gonzalez Aff. ¶ 14.)

In light of Defendant Chamberlain's affidavit attesting to authority with respect to the entities operating the three stores and making representations concerning compensation polices at the three stores, Plaintiffs' allegations are sufficient to support conditional certification for all delivery persons at all three Defendant restaurant locations.  See Diaz, 2012 WL 137460, at *6 (finding that, where "Plaintiffs have alleged a common policy or plan in which Defendants failed to pay minimum wage and overtime compensation at all of their stores . . . [and have alleged] that employees at the different locations were all subject to the same policies . . . [because] one manager . . . was responsible for overseeing all of the stores," plaintiffs have satisfied their minimal burden); Garcia v. Four Bros. Pizza, Inc., 13 Civ. 1505(VB), 2014 WL

2211958, at *6 (S.D.N.Y. May 23, 2014) (finding that certification was appropriate as to a restaurant location at which none of the named plaintiffs worked because "the evidence presented thus far nevertheless supports an inference of the existence of a uniform unlawful policy or practice"). Thus, because Plaintiffs have met their burden of alleging a company-wide policy, notice of this action will be provided to current and former employees of Defendants 45th Street, Fulton Street, and Smith Street.

Notice

The form and content of notice to potential opt-in plaintiffs is largely left to the Court's discretion. See Diaz, 2012 WL 137460, at *6 (citations omitted). Here, it is appropriate for notice of this action to be distributed to current and former delivery persons at the three Defendant restaurant locations owned and operated by Defendants Chamberlain and Lopez. The Court has considered thoroughly both Plaintiffs' and Defendants' proposals for the appropriate form of notice and makes the following determinations.

Defendants must produce the names and addresses of current and former delivery persons. Plaintiffs' counsel is hereby authorized to send notice by first class mail. As per the parties' stipulations, if the notice is returned as undeliverable, Plaintiffs' counsel is to provide Defendants' counsel with a photocopy of the undeliverable mail, and Defendants' counsel is to provide Plaintiffs' counsel with the intended recipients' phone numbers within two business days. (See Def.'s Ex. A 13:1-10.)

Although Plaintiffs ask that the statute of limitations be tolled, they have not made a sufficient showing of rare and exceptional circumstances that would warrant tolling. See Gordon v. Kaleida Health, No. 08 Civ. 3785, 2009 WL 3334784, at *12–13 (W.D.N.Y. Oct. 14,

2009) ("In this Circuit, 'equitable tolling is only appropriate in [ ] rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights'") (quoting Zerilli–Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir.2003)). Accordingly, the Court declines to toll the statute of limitations, and so notice will be limited to individuals who were delivery persons within three years from the date the Court issues an order approving the proposed notice. See Lloyd v. J.P. Morgan Chase & Co., No. 11 Civ. 9305(LTS), 12 Civ. 2197(LTS), 2013 WL 4828588, at *6 (S.D.N.Y. Sept. 9, 2013) (citing In re Penthouse Executive Club Comp. Litig., No. 10 Civ. 1145(NRB), 2010 WL 4340255, at *5 n. 4 ("[I]t is appropriate at this stage for the plaintiffs to provide notice to all dancers who worked at the Penthouse Executive Club within three years of the sending of the notice to conform as closely to 29 U.S.C. § 256 as possible")). Furthermore, the Court authorizes notice to be provided in English and Spanish only, unless Plaintiffs demonstrate that another language is required.

Although Defendants request that potential opt-in plaintiffs send their consent forms to the Clerk of the Court, the notice shall indicate that potential opt-in plaintiffs who wish to be represented by Plaintiffs' counsel are to send their consent forms to Plaintiffs' counsel. See Ritz v. Mike Rory Corp., No. 12 Civ. 367(JBW)(RML), 2013 WL 1799974, at *4-5 (E.D.N.Y. Apr. 30, 2013); see also Bah v. Shoe Mania, Inc., No. 08 Civ. 9380(LTS)(AJP), 2009 WL 1357223, at *4 (May 13, 2009). As the court in Ritz explained, "In order to minimize the burden on opt-in plaintiffs who choose representation by plaintiff's counsel, and to reduce the administrative burden on the court, [the court] direct[s] that the opt-in forms be returnable to plaintiff's counsel." 2013 WL 1799974, at *4. The notice must indicate, however, that opt-in plaintiffs may retain their own counsel. See Garcia v. Pancho Villa's of Huntington Vill., Inc.,

678 F. Supp. 2d 89, 95 (E.D.N.Y. 2010) ("plaintiffs are directed to modify the proposed Notice so that potential plaintiffs are informed that they may retain their own counsel, should they choose to join the within litigation, as an alternative to plaintiffs' counsel's firm"); Bah, 2009 WL 1357223, at *4. Furthermore, the notice must list Defendants' counsel as one source from which potential opt-in plaintiffs can receive information. See Bah, 2009 WL 1357223, at *4.

Defendants' request that the notice inform potential opt-in plaintiffs that, if they opt in, they may be asked to provide documents for discovery and pay litigation costs if they do not prevail is reasonable, and the Court grants this request. See id.; Whitehorn v. Wolfgang's Stakehouse, Inc., 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) ("As to Defendants' request that prospective members be notified of the possibility that they will be required to participate in discovery and testify at trial, such text is routinely accepted"); Mendoza v. Ashiya Sushi 5, No. 12 Civ. 8629(KPF), 2013 WL 5211839, at *7 (S.D.N.Y. Sept. 16, 2013) (finding that "the advantages of providing notice regarding potential [discovery] obligations [and costs] outweigh the possibility of dissuading potential plaintiffs" from joining the action, specifically "where parties seek to add only a neutral and non-technical reference to discovery obligations") (internal citations and quotations omitted).

Counsel for Defendants Chamberlain and Lopez must post the notice at the 45th Street, the Fulton Street, and the Smith Street locations, take photographs of the notice and where it is posted, and send the photographs to Plaintiffs' counsel within twelve hours of posting.[4]

The parties are hereby ordered to submit a joint proposed form of notice and opt-

---

[4] The parties agreed to this arrangement at the May 12, 2014, status conference. (Def. Ex. A 12:5-22.)

in form, consistent with these principles, to the Court for approval within 14 days of the date of this Order. If the parties are unable to agree on any provisions, the respective proposals and the reasons therefore must be specified in the joint submission.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification is granted.

This Memorandum Opinion and Order resolves docket entry number 51.

The parties are directed to confer regarding the content of the notice to be disseminated to potential opt-in plaintiffs, and they must submit a joint proposal to the Court for approval within 14 days of the date of this Memorandum Opinion and Order.

SO ORDERED.

Dated: New York, New York
      July 16, 2014

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      United States District Judge